UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Haji S.[1],                                                Civ. No. 18-3493 (PAM/LIB)

                Petitioner,

v.                                                         **ORDER**

William P. Barr, Attorney General;
Kevin McAleenan, Acting Secretary,
Department of Homeland Security;
Matthew T. Albence, Acting Director,
Immigration and Customs Enforcement;
Peter Berg, Director, St. Paul Field Office,
Immigration and Customs Enforcement;
Jason Kamerud, Sheriff, Carver County,

                Respondents.[2]

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois. (Docket No. 16.) The R&R recommends granting Petitioner's Petition for Writ of Habeas Corpus. (Id.) Respondents filed timely objections to the R&R. (Docket No. 17.)

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration matters such as this.

[2] Respondents William Barr, Kevin McAleenan, and Matthew T. Albence are substituted pursuant to Fed. R. Civ. P. 25(d), replacing Matthew Whitaker, Kirstjen Nielsen, and Ronald Vitiello, respectively.

## BACKGROUND

The full factual background of this matter is set forth in the R&R and need not be repeated here. Petitioner is in Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1226(c). Petitioner has been in ICE custody since December 20, 2017, approximately nineteen months. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on December 28, 2018, arguing that his continued detention violates his due process rights under the Fifth Amendment.

In his response to the Government's objections to the R&R, Petitioner informed the Court that one of his two criminal convictions serving as the basis for his detention had been vacated, and that the second relevant conviction would be vacated shortly. (Pet'r's Resp. (Docket No. 18) at 1.) After Petitioner's conviction was vacated, his counsel filed a bond motion. (Bruning Decl. (Docket No. 19) at 2.) A bond hearing was held before two separate immigration judges on June 3 and 4, 2019, while the R&R was still in the objection period. (Id.) Petitioner informed the Court that the immigration judge ("IJ") "indicated that bond would be proper now that [Petitioner] is no longer removable as charged." (Id.) He also stated that "such a decision may make the Petition moot and will regardless be material to Petitioner's claims." (Pet'r's Resp. at 2.) Accordingly, the Court stayed resolution of the R&R pending the IJ's bond decision.

Petitioner updated the Court on July 15, 2019, stating that the immigration court had issued its decision and denied Petitioner bond. The IJ denied bond largely because evidence of Petitioner's second vacated criminal conviction was not before the court and "without a motion with evidence for the [Board of Immigration Appeals] to remand, and

2

motion to terminate, the Court cannot find that [the Department of Homeland Security] is substantially unlikely to prevail on the charge and that Respondent is not subject to mandatory detention." (Bruning Decl. (Docket No. 22-4) at 3.) The IJ also stated, "[i]f Respondent were to show that a motion was actually filed with the Board, with evidence of the vacated conviction(s), a very different query would be presented." (Id. at 4.) Petitioner has provided this Court with documentation demonstrating that he has now filed a Motion to Remand and Terminate with the Board of Immigration Appeals ("BIA"), and that both of his relevant convictions have been vacated. (Id., Ex. 1 at 2, 10, 17.)

**DISCUSSION**

Individuals who have been admitted to the United States may be removed if they are convicted of certain criminal offenses after admission. Jennings v. Rodriguez, 138 S. Ct. 830, 837 (2018). These cases are governed by 8 U.S.C. § 1226, which states that such aliens must be "detained pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner is detained and subject to removal pursuant to § 1226(c) because he was convicted of multiple crimes of moral turpitude. See 8 U.S.C. § 1226(c)(1)(B); see also § 1227(a)(2)(A)(ii). While the Supreme Court has held that § 1226(c) requires that certain removable aliens be detained for the duration of their removal proceedings, it declined to decide what limitations the Due Process Clause places on lengthy detentions under the statute. Jennings, 138 S. Ct. at 846-48. However, "'[d]ue process is flexible,' we have stressed repeatedly, and it 'calls for such procedural protections as the particular situation demands.'" Id. at 852 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

The Government argues that Petitioner's ongoing detention is constitutional, citing the Supreme Court's decision in Demore v. Kim, 538 U.S. 510 (2003) and arguing that Petitioner's detention continues to serve the purposes of § 1226(c). According to the Government, the R&R ignores "the ultimate question from Demore: has prolonged immigration detention become unjustified or arbitrary in light of the purposes of Section 1226(c)?" (Gov't's Obj. (Docket No. 17) at 3.) The Court believes that it has.

Post-Jennings, Courts in this District consider a series of factors when assessing due process challenges to § 1226(c) detentions. See Muse v. Sessions, No. 18cv0054, 2018 WL 4466052, at *3 (D. Minn. Sept. 18, 2018) (Schiltz, J.); Tao J. v. Sec'y of Dep't of Homeland Sec., No. 18cv1845, 2019 WL 1923110, at *3 (D. Minn. April 30, 2019) (Brasel, J.); Bolus A.D. v. Sec'y of Homeland Sec., 376 F. Supp. 3d 959, 961 (D. Minn. 2019) (Wright, J.) These factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

Muse, 2018 WL 4466052, at *3. The Government contends that these factors should not be used in a § 1226(c) analysis. However, whether considering these factors or the standard the Government's gleans from Demore, Petitioner's continued detention runs afoul of due process protections and habeas relief is appropriate. The Court will only analyze factors (1), (2), and (6) here, as those factors weigh very strongly in favor of removal. The Court agrees with the R&R's treatment of the remaining factors, which does not need to be repeated.

4

First, the total length of Petitioner's detention to date is staggeringly long, totaling nineteen months. This far exceeds the one- to five-month periods of detention considered by the Supreme Court in Demore. See Demore, 538 U.S. at 529-530. Other Courts have found that similar periods of detention violate due process protections. See Muse, 2018 WL 4466052, at *6 (14 months); Tao J., 2019 WL 1923110, at *4 (14.5 months); Bolus, 376 F. Supp. 3d at 962 (16 months).

Furthermore, there is still no end in sight for Petitioner's removal proceedings. Petitioner is not subject to a final order of removal, and has multiple motions pending before the BIA. If Petitioner receives an adverse opinion from the BIA, he will likely appeal that decision to the Eighth Circuit, prompting further detention while the appeal is considered. Petitioner submitted his most recent motion to the BIA on July 8, 2019. Petitioner could easily be detained for another year or more before motions are fully briefed and appeals exhausted. Accordingly, factors (1) and (2) both weigh heavily in favor of granting relief.

Factor (6) addresses the likelihood that the removal proceedings will result in a final order of removal. Normally, the Court is not in a position to weigh the merits of either the Government's grounds for removal or Petitioner's appeals. However, given the recent vacatur of both of Petitioner's underlying criminal convictions for crimes of moral turpitude, the Court finds that this factor weighs in favor of granting habeas relief.

Additionally, the Government's reliance on Demore, used to bolster their argument that a lengthy and indefinite period of detention does not run afoul of due process, is misplaced. The Government "fails to recognize that the Supreme Court limited its Demore

5

holding to a brief period of detention under § 1226(c)." Tao J., 2019 WL at 1923110, *2 (citing Muse, 2018 WL 4466052, at *2 (noting Demore's "repeated references to the brevity of detention under § 1226(c)")). And despite the Government's contentions, Petitioner's continued detention does not serve the purposes of § 1226(c). Section 1226(c) aims to prevent certain criminal aliens from fleeing before or during their removal proceedings. Demore, 538 U.S. at 528. This purpose is not served by continuing to detain an individual when the criminal convictions that placed him within the scope of § 1226(c) have been vacated. If Petitioner is no longer a criminal alien as defined under the relevant statutes, then he is not subject to detention under those statutes. The vacatur of Petitioner's convictions undermines the basis for Petitioner's detention and removal proceedings. Therefore, Petitioner's prolonged immigration detention is now unjustified and arbitrary.

Finally, the Government argues that the appropriate form of relief in this matter is a bond hearing rather than Petitioner's immediate release. Although Petitioner had a bond hearing on June 3 and 4, 2019, the IJ failed to consider Petitioner's recent motion to the BIA and the vacatur of one of his criminal convictions. While the IJ declined to grant Petitioner bond, he admitted that "[i]f Respondent were to show that a motion was actually filed with the Board, with evidence of the vacated conviction(s), a very different query would be presented." (Bruning Decl. Ex. 4 at 4.) The IJ also failed to consider whether Petitioner would be a danger to the community or a flight risk if released, but stated: "if Respondent is clearly not removable, it would seem likely that he could also establish that he is not a danger to the community for purposes of bond in removal proceedings." (Id.) Another bond hearing, where the IJ may consider all the pertinent information and

determine whether Petitioner is a danger to the community or a flight risk, is warranted before Petitioner may be released.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 16) is **ADOPTED**;
2. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **GRANTED in part**; and
3. An Immigration Judge must provide Petitioner with a bond hearing within thirty days of this Order. At the bond hearing, the Immigration Judge must make an individualized determination regarding whether detention is necessary to protect the community or to prevent Petitioner from fleeing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 18, 2019　　　　　　　　　　*s/ Paul A. Magnuson*
　　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　United States District Court Judge