UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Haji S.[1],                                                  Civ. No. 18-3493 (PAM/LIB)

                        Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

William P. Barr, Attorney General;
Kevin McAleenan, Acting Secretary,
Department of Homeland Security;
Matthew T. Albence, Acting Director,
Immigration and Customs Enforcement;
Peter Berg, Director, St. Paul Field Office,
Immigration and Customs Enforcement;
Jason Kamerud, Sheriff, Carver County,

                        Defendants.

_____

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under the

Equal Access to Justice Act ("EAJA"). (Docket No. 32.) Plaintiff Haji S. requests that the

Court order the Government to pay his requested fees and costs.

**BACKGROUND**

The full factual background is set forth in the Report and Recommendation and this

Court's previous Order and will not be repeated here. (Docket Nos. 15, 23.) In sum, this

Court granted in part Plaintiff's Petition for Writ of Habeas Corpus on July 18, 2019, and

ordered that an Immigration Judge conduct a bond hearing within 30 days. (Docket No.

23.) The Immigration Judge released Plaintiff on bond. Because Plaintiff prevailed in that

_____

[1] This District has adopted the policy of using only the first name and last initial of any
nongovernmental parties in immigration matters such as this.

action, he requests $5,163.75, which represents 25 hours and six minutes of attorney time, claiming that these fees and expenses are reasonable, necessary, and recoverable under the EAJA. (Docket Nos. 33 at 14, 34-1.)

Defendants contend that their position advocating detention under 8 U.S.C. § 1226(c) was substantially justified under the facts and law, and thus it is inappropriate to award fees to Plaintiff.

**DISCUSSION**

The Equal Access to Justice Act states that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). "The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." Ardestani v. I.N.S., 502 U.S. 129, 137 (1991). An award of attorney's fees under the EAJA is unavailable, however, if the agency's actions were "substantially justified or that special circumstances make an award unjust." Id. at 132 (quoting 5 U.S.C. § 504(a)(1)). "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact." Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988) (internal quotation marks omitted)). The Government bears the burden to prove that its position was substantially justified. Muse v. Barr, No. 18cv54, 2019 WL 4254676,

2

at *1 (D. Minn. Sept. 9, 2019) (Schiltz, J.) (citing <u>Friends of Boundary Waters Wilderness</u> <u>v. Thomas</u>, 53 F.3d 881, 885 (8th Cir. 1995)).

Section 1226(c) dictates that certain removable aliens are to remain detained throughout removal proceedings. <u>Jennings v. Rodriguez</u>, 138 S. Ct. 830, 846 (2018). Detention of a removable alien is not limitless, however, as this Court found in ordering Defendants to provide Plaintiff with a bond hearing. But no bright-line rule exists to deem a certain length of detention automatically unreasonable. <u>Abdulkadir A. v. Sessions</u>, No. 18cv2353, 2018 WL 7048363, at *10, (D. Minn. Nov. 13, 2018) (Bowbeer, M.J.), R. & R. adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). In light of existing law, the Government was justified to advocate for continued detention under § 1226(c). <u>See</u> <u>Denmore v. Kim</u>, 538 U.S. 510, 531 (2003).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Attorney's Fees (Docket No. 32) is **DENIED**.


Dated: <u>January 13, 2020</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge